**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MARCOS RIVES-CONSTANS | CIVIL ACTION NO. 26-02279 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE McCLUSKY |

### ORDER

Marcos Rives-Constans ("Petitioner") has filed a petition for writ of habeas corpus, Record Document 1, and an emergency motion for temporary restraining order, Record Document 2. The habeas petition is **REFERRED** to the Magistrate Judge for Report and Recommendation. For the following reasons, the emergency motion for temporary restraining order is **DENIED**.

First, Petitioner seeks a temporary stay of his removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Moreover, although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" Petitioner has not alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at

*2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status).

Second, Petitioner has asked for an order prohibiting his transfer to another jurisdiction. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Third, Petitioner has demanded a bond hearing. In *Buenrostro-Mendez v. Bondi*, the United States Court of Appeals for the Fifth Circuit held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even if they have resided in the United States for many years. 166 F.4th 494, 502 (5th Cir. 2026). Accordingly, Petitioner is not entitled to a bond hearing.

**DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of July, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE